UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-86-J-32JBT

JORGE PEREZ
RICARDO PEREZ
SETH GUTERMAN
AARON DURALL
JAMES F. PORTER, JR.
SEAN PORTER
CHRISTIAN FLETCHER
NEISHA ZAFFUTO
AARON ALONZO
NESTOR ROJAS

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, via the undersigned, moves pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for the issuance of the attached proposed protective order governing discovery in this case. *See* Ex. A.

In this case, the government will be producing material in discovery that exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), and the Court's Standing Order Pertaining to Discovery. This material contains personally identifiable information—*e.g.*, full names, birth dates, Social

Security numbers, phone numbers, and addresses—including personally identifiable information of certain defendants and third parties, and also contains protected health information.

Rule 16 provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "Good cause . . . generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "A district court has broad discretion when fashioning protective orders." *Id.* at 357. "[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In doing so, the court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Id.*

Here, in light of the fact that the government's anticipated production contains not only personally identifiable information of certain defendants, but also third parties, as well as protected health information, there is good cause for the Court to enter the proposed protective order. *Cf. In re Alexander*, 820 F.2d at 355-56 (affirming protective order in civil litigation based on "the fear

2

of adverse publicity, intimidation or other outside forces that could interfere with the free flow of information, most of which would not be admissible during the actual litigation stage of [the] cases").

To that end, the proposed order imposes a single, narrow limitation on the defendants' use of discovery material—namely, that it be used "solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever." Ex. A at 2. The proposed order otherwise places no limitations on the defendants' ability to mount a vigorous defense to the charges, and, indeed, they would be free to share discovery with, among others, their attorneys, employees or agents of their attorneys, prospective witnesses, and experts. The order therefore strikes a reasonable and common-sense balance between the defendants' right to defend themselves and the interests of numerous additional individuals to be protected from improper use of sensitive and personal information and protected health information contained in the discovery material. *Cf. Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (applying a "balancing of interests" approach to imposition of protective orders under analogous provision of Federal Rule of Civil Procedure Rule 26(c)).

The United States therefore respectfully moves the Court to enter the proposed protective order so that the government can further proceed with disclosure of discovery materials to the defendants. *See United States v. Mitrovic*, 286 F.R.D. 683, 688 (N.D. Ga. 2012) ("But, more importantly, this is not a protective order that actually restricts the Defendant from accessing any information he would otherwise be entitled to receive in pre-trial discovery. Thus, the Court is particularly inclined to permit this protective order, as it only *increases* the discovery that the defense is receiving." (emphasis in original)).

I have conferred with counsel for the defendants who do not object to this motion.

          Respectfully submitted,

          MARIA CHAPA LOPEZ
          United States Attorney

By:   */s/ Tysen Duva*
      Tysen Duva
      Assistant United States Attorney
      Florida Bar No. 0603511
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone: (904) 301-6300
      Facsimile: (904) 301-6310
      E-mail: Tysen.Duva@usdoj.gov

        ROBERT ZINK
        CHIEF
        U.S. DEPARTMENT OF JUSTICE
        CRIMINAL DIVISION, FRAUD SECTION

By: */s/ Gary A. Winters*
   Gary A. Winters
   James V. Hayes
   TRIAL ATTORNEYS
   United States Department of Justice
   Criminal Division, Fraud Section
   1400 New York Avenue, NW
   Washington, DC 20005
   Tel: (202) 598-2382
   Email: gary.winters@usdoj.gov
       james.hayes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Tom Bell, Esq.
>Attorney for Jorge Perez
>
>Richard Landes, Esq.
>Attorney for Ricardo Perez
>
>Brian Rafferty, Esq.
>Attorney for Aaron Durall
>
>Seth Schwartz, Esq.
>Attorney for James Porter, Jr.
>
>Caleb Rowland, Esq.
>Attorney for Sean Porter
>
>Steve Sadow, Esq.
>Attorney for Christian Fletcher
>
>Vince Citro, Esq.
>Attorney for Christian Fletcher
>
>Joshua Lowther, Esq.
>Attorney for Neisha Zaffuto
>
>Darcy Galnor, Esq.
>Attorney of Aaron Alonzo

        Phil Horowitz, Esq.
        Attorney for Nestor Rojas

                */s/ Tysen Duva*
                Tysen Duva
                Assistant United States Attorney