UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

AARON DURALL, et al,

      Defendants.

Case No.
3:20-CR-86-TJC-PDB

## MOTION FOR BILL OF PARTICULARS

    The indictment in this case, while alleging the criminal charges in the broadest, most general terms, fails to allege how Aaron Durall defrauded the insurance companies, what misrepresentations he made (including when and to whom), and most importantly, why he was not entitled to receive payment from the private insurance companies with whom he had a contract.

    In compliance with the Local Rules, the defense has made numerous requests to the government to discuss the issues raised in this Motion and the government has declined to entertain any discussion, either in person, or on the phone to resolve the issues.

    The basic requirements of Rule 7, Fed.R.Crim.P. are not satisfied by the vague and conclusory allegations that are recited in the indictment. For that reason, Mr. Durall requests that the Court enter an Order requiring that the government provide a Bill of Particulars that identifies the essential facts that represent the elements of the offenses charged. Only by providing a Bill of Particulars can Mr. Durall prepare a defense and protect against future prosecutions on the basis of Double Jeopardy. Only by providing a Bill of Particulars can the indictment provide the basic notice required by Rule 7. Only by providing a Bill of Particulars can the requirements of the Due Process Clause be satisfied.

    At its core, there is little doubt what the government alleges in the indictment: the hospital

1

owned by Aaron Durall was not entitled to insurance payments for lab costs associated with the testing of urine samples provided by non-patients. That much is clear, by which we mean, that much is clear according to the government's allegations. But why? Why was the hospital not entitled to payment? If it is simply a matter of contract interpretation, about which some reasonable minds may differ (perhaps), why is this a crime? To simply say that it is fraud and that it was not "envisioned" by the contract does not allege an offense. It would resemble an allegation that "Aaron Durall is guilty of a driving offense because he was driving on I-75" or "Aaron Durall is guilty of fraud, because he sold his car to John Smith" or "Aaron Durall is guilty of theft, because he breached a contract." Even if the indictment in these hypothetical cases accurately repeats the elements of the offenses (the driving offense, the theft, the fraud) the *facts that are recited* do not allege that the crime was committed.

What the indictment does not allege in this case are the facts that support the essential elements of the offense. In the driving offense hypothetical, the indictment would be required to add the essential facts ("because he was driving 95 mph which is 20 mph over the posted speed limit"); in the fraud case ("because he deceived John Smith by saying the car was a 2019 Ferrari when in fact, it was a 1950 Edsel"); and in the theft case ("because he lied in the premises of the contract and induced the counterparty to pay for services and products that he had no intention or ability to provide"). Just alleging the elements of the offense is not sufficient. The indictment must allege the facts that comprise the essential elements of the crime. That is precisely what Rule 7(c) requires: "The indictment must be a plain, concise and definite written statement of the *essential facts constituting the offense charged." See United States v. Lang*, 732 F.3d 1246 (11th Cir. 2013); *United States v. McGarity*, 669 F.3d 1218 (11th Cir. 2012); *United States v. Schmitz*, 634 F.3d 1247 (11th Cir. 2011); *United States v. Yefsky*, 994 F.2d 885 (1st Cir. 1993); *United*

*States v. ORS, Inc.*, 997 F.2d 628 (9th Cir. 1993).

The Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *United States v. Walsh,* 194 F.3d 37, 44 (2d Cir. 1999). As the Supreme Court stated in *Russell v. United States*, 369 U.S. 749 (1962)*:*

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. 369 U.S. at 770, 82 S.Ct. 1038.

*United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000).

And if the government intends to proceed on the theory that the claims were fraudulent based on the theory that the claim forms had a material omission, the indictment must allege what was omitted and why it was required to be included:

> The indictment failed to sufficiently allege the second element of a section [26 U.S.C.] 7206(1) violation, namely a material falsehood or an omission that amounted to a material falsehood. In this case, the allegation is that Pirro omitted something from a tax return. An omission cannot amount to a false statement, which is an essential element of a section 7206(1) violation, without the crucial background fact that gives rise to the duty to disclose the fact that was omitted. Only the omission of facts required to be reported constitutes a material falsehood. The indictment must therefore allege what made the omission in this case criminal.

*United States v. Pirro*, at 86, 93 (2d Cir. 2000).

There is wide discretion vested in the district court to require the government to provide a Bill of Particulars. Not only is it within its discretion to grant such a motion in this case, it would be an abuse of discretion to deny the request. As explained in the contemporaneously-filed Motion to Dismiss, the indictment in this case alleges that the defendant defrauded insurance companies, but it fails to allege what statement was deceitful. It fails to allege what material omission rendered

the claim fraudulent. These are the essential elements of any fraud case, yet, the facts that support the allegation in the indictment are nowhere to be found in the charging document.

The government responded to the defense request simply stating that the defense should consult the discovery to find the answer. But this insulting response ignores the fact that there are millions of pages of discovery; the various sworn deposition testimony of insurance company representatives are inconsistent and also inconsistent with the government's expert witness. Moreover, even if the defense were to find an allegation somewhere in the millions of pages, there is no assurance that this will be the allegation that the government lands on at trial. How can the defense (or the court) determine if the grand jury chose the right deceitful statement? How can the defense (or the court) determine whether the proof at trial amounts to a constructive amendment of the indictment? These are the functions of a Bill of Particulars.

The government suffers no prejudice whatsoever by simply answering the question: What was the false statement or the material omission in the insurance claim forms that are the essential *actus reus* of the charges? The false statement or material omission is the *corpus delecti* of the crime; how can the government seriously protest that the defense should be required to play "Where's Waldo" with the millions of pages of discovery.

The government also responded that meetings with Mr. Durall's previous attorneys should suffice. Again, though, "off the record" meetings (or even "on the record meetings") are not binding on the government, they do not necessarily reflect what the grand jury decided (indeed, these meeting preceded the return of the indictment) and do not adequately protect the defendants' Due Process rights.

The following cases support the defendant's request for a Bill of Particulars:

<u>United States v. Bortnovsky</u>, 820 F.2d 572 (2d Cir. 1987): The government was required

4

to provide a bill of particulars in this mail fraud and RICO case specifying with connection to various insurance fraud counts which insurance claims were fraudulent, and which invoices were allegedly falsified. In this case, the Second Circuit held that the failure to provide this information was reversible error.

*United States v. Earnhart*, 683 F.Supp. 717 (W.D.Ark. 1987):  The defendant, charged with income tax evasion, was entitled to a Bill of Particulars setting forth the alleged gross income, the adjusted gross income, the alleged unreported income, the alleged availability of deductions and exemptions, and corporate expenditures which were alleged to have been "constructive dividends."

*United States v. McCoy*, 492 F.Supp. 540 (M.D.Fla. 1980):  The government in its verified response to the defendant's motion for bill of particulars, has sought to foreclose the need for a bill of particulars by generally apprising the defendant of the evidence upon which the government intends to rely at trial. The defendant has good cause to be unsatisfied with the government's response. The purpose of a bill of particulars is not merely to apprise the defendant of the voluminous materials and numerous witnesses used in the preparation of the government's case. The defendant is entitled to a bill of particulars setting forth each false and fraudulent pretense and representation described generally in the indictment.

*United States v. Velez*, 2008 WL 11454799, at *2 (S.D.Fla. 2008):  In a substantive wire fraud charge, a defendant must be provided notice as to which of his statements the government contends are false or fraudulent. *See, e.g., United States v. McCoy*, 492 F. Supp. 540, 545 (M.D. Fla. 1980) (requiring the government to set forth "each false and fraudulent pretense and representation described generally in the indictment").  The rationale supporting this rule is that, because false pretenses, representations, or promises are an element of the crime of wire fraud, and since the government is required to prove them in its case, it must provide notice to the

defendant which statements it contends are false. *Cf. United States v. Edwards*, 526 F.3d 747, 760-61 (11th Cir. 2008) (setting forth the elements that must be proven in a wire fraud case). Where the Government chooses to rely on misrepresentations it must prove them. *Compare United States v. Frankel*, 721 F.2d 917, 921 (3d Cir. 1983) (requiring the government to prove *misrepresentations* in a mail fraud case where the indictment charged the defendant with a scheme to defraud *by means of* false representations) *with United States v. Clausen*, 792 F.2d 102, 105 (8th Cir. 1986) (holding that the government need not prove *misrepresentations* where the scheme to defraud described in the indictment did not rely on a misrepresentation). . . . In this case, the Government has made specific allegations that Kuehne "devised or intended to devise a scheme . . . to defraud *by means of false pretenses* . . . ." . . . Based on these allegations, it is necessary for the Defendant to be apprised of the particular representations that the Government contends are false in order to prepare for trial. Although the Indictment provides numerous instances of statements that the Government contends are false the Defendant should not be required to guess as to whether this is an exhaustive list. If the statements set forth in the Indictment are the full extent of those that the Government contends are false it can indicate this in a Bill of Particulars with little burden. If there are additional statements, the Defendant is entitled to be forewarned and avoid a surprise at trial. Based on the nature of the allegations set forth in the Indictment, the same rationale that requires the government to disclose the precise statements which it contends are false in a substantive wire fraud case are sufficiently present in this matter.

<u>United States v. Alabed</u>, 2019 WL 7842413, at *4 (N.D.Ga., 2019):  Thus, generally, a defendant facing charges of fraud "is entitled to a bill of particulars setting forth each false and fraudulent pretense and representation described generally in the indictment."

6

*United States v. Rogers*, 636 F.Supp. 237 (D.Colo. 1986):  The district court dismissed a tax fraud indictment in this case for failing to specify what deductions were fraudulent.

*United States v. Madeoy*, 652 F.Supp. 371 (D.D.C. 1987):  The defendant was charged in a 121-count indictment involving fraud, conspiracy and RICO. The district court held that he was entitled to a bill of particulars specifying in detail the laws and regulations which were allegedly violated. In particular, one count of the indictment stated that the defendant had violated certain regulations, without specifying which regulations in the 700-page code were violated.

*United States v. Reddy*, 2010 WL 3210842 (N.D.Ga. 2010):  The superseding indictment alleges that "access logs" were falsified and produced to the U.S. Department of Justice and U.S. Department of Health and Human Services in response to a January 29, 2008, subpoena…. The government has not contradicted the defendant's claim that there are "millions of entries" in these logs that were produced, nor has it alleged that this claim was exaggerated. In the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents.

*United States v. Long*, 2008 WL 11336760 (N.D.Ga. 2008):  The Court is unpersuaded by the government's argument that the defendants' motion for a bill of particulars is merely aimed at obtaining a "sneak preview" of the evidence to be used against them. Although requiring the government to reveal the contracts obtained through fraud may provide the defendants insight into the evidence against them, the defendants still must be given information sufficient to prepare an adequate defense and to avoid unfair surprise. As the case currently stands, the defendants have no knowledge as to what contracts are considered to be fraudulently obtained. This information is needed for them to formulate a defense and to avoid unfair surprise. That the government might reveal evidence from its case does not automatically defeat the defendants' request for a bill of

7

particulars.

## THE SPECIFIC BILL OF PARTICULARS REQUESTS

| PAGE | PARAGRAPH | PARTICULARS REQUESTED |
|---|---|---|
| 10 | 36(a) | Identify the false and fraudulent pretenses, representations, and promises. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
|  | 36(b) | Identify the false and fraudulent pretenses, representations, and promises. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 11 | 37(a) | Identify the false and fraudulent claims. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 13 | 37(g) | Identify whether a non-patient is a category of outpatient. |
| 14 | 37(j) | 1. Identify the false and fraudulent claims for reimbursement and why the claim is "false." If the falsity of a claim is alleged to be a "material omission" state what fact was omitted.<br>2. Identify what clause, paragraph, or word in any insurance contract proscribed or disallowed the reimbursement for the screening and confirmatory UA tests identified in this paragraph. |
| 14 | 37(k) | Identify the materially false and fraudulent claims and explain the way in which they are "fraudulent" and the way in which they were materially false, including any description of a clause or paragraph in any insurance contract that disallowed these claims. |
| 15 | 37(k) | Identify each and every test that was not "medically necessary" as alleged in this paragraph. |
| 15 | 37(l) | Identify the materially false and fraudulent claims and describe what makes the claim false, including any clause or paragraph in any contract that disallowed these claims. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 15 | 37(m) | Explain the use of the term "kickbacks" and state whether it is alleged that this was an illegal kickback and, if so, according to what law. |
| 16 | 37(o) | Identify the false and fraudulent claims and explain why they are "false" and "fraudulent." If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 17 | 37(q) | Identify the false and fraudulent claims and explain why the claim is false. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 17 | 37(s) | Identify all meetings, acts and statements made by, or to Aaron Durall, or which will be attributed to him pursuant to FRE 801(d)(2)(E). |
| 18 | 2 | Identify the false and fraudulent pretenses, representations, and |

| | | |
|---|---|---|
| | | promises and explain why these representations are false and, if the response is simply that the claims were not permissible under the insurance contract, identify the portion of the contract that disallowed these claims. If the falsity of a claim is alleged to be a "material omission" state what fact was omitted. |
| 19 | 4 | Identify the false and fraudulent pretenses, representations, and promises and explain why these representations are false and, if the response is simply that the claims were not permissible under the insurance contract, identify the portion of the contract that disallowed these claims. |
| 20 | 2 | Identify the "other [conspirators] known." |
| 20 – 21 | "a" and "b" | Identify the specified unlawful activity (the activity, not just the nature of the offense). |
| 22-23 | 2 | Identify the specified unlawful activity (the activity, not just the nature of the offense). |
| 28 | Count 23 | Identify the specified unlawful activity (the activity, not just the nature of the offense). |

For the foregoing reasons, the defense urges this Court to grant the defense request for a Bill of Particulars.

Respectfully submitted this 19th day of January, 2021.

*s/ Donald F. Samuel*
Donald F. Samuel
Georgia Bar No. 624475
GARLAND, SAMUEL & LOEB. P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
404-262-2225
dfs@gsllaw.com

*Admitted Pro Hac Vice*

*/s/ Brendan Herbert*
Brendan Herbert
Florida Bar No. 0076925
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, FL 33131
Telephone: (305) 921-1820
bherbert@polsinelli.com

Brian McEvoy
Brian Rafferty
Grace Zoller
POLSINELLI PC
1201 West Peachtree St NW, Suite 1100
Atlanta, GA 30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060
bmcevoy@polsinelli.com
brafferty@polsinelli.com
gzoller@polsinelli.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

AARON DURALL, et al,

       Defendants.

Case No.
3:20-CR-86-TJC-PDB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                      *s/ Brian Rafferty*
                                      Brian Rafferty