UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

                                                                CASE NO. 3:20-CR-86-J-32JBT

    Plaintiff,

v.

CHRISTIAN FLETCHER

    Defendant.

_____/

**CHRISTIAN FLETCHER'S UNOPPOSED MOTION TO
REISSUE A PRETRIAL SUBPOENA *DUCES TECUM* PURSUANT
TO FED. R. CRIM. P. 17(c) AND INCORPORATED MEMORADUM OF LAW**

Christian Fletcher moves this Court to enter an Order directing that a pretrial subpoena *duces tecum* be reissued to Blue Cross Blue Shield Association licensees Blue Cross and Blue Shield of Florida, Inc., doing business as Florida Blue ("Florida Blue") pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, and that Florida Blue be required to provide the responsive documents and things prior to the trial scheduled to commence in September 2021, to allow the parties sufficient time to review the information and prepare for trial. The information sought is necessary, relevant, admissible, and may reveal important information and witnesses.

## A. STATEMENT OF FACTS

Mr. Fletcher reincorporates, as if set forth herein, his motion to issue Rule 17 subpoenas, which was filed on March 31, 2021. Dkt. 278. The Court granted that motion. Dkt. 279. The subpoena to Florida Blue was served upon its registered agent, the State of Florida's Chief Financial Officer ("CFO").

On April 23, 2021, the undersigned received, via U.S. mail, a correspondence from the CFO, wherein the CFO advised the undersigned that it refused to serve the subpoena because a $15 fee was not paid to the State of Florida. Putting aside whether the State of Florida can command a fee to serve a Federal subpoena when the State of Florida acts as a registered agent, there was insufficient time to pay the fee and permit Florida Blue time to comply or object as contemplated in the Court's order. Rather than litigate the issue, Mr. Fletcher requests this Court reissue the subpoena and Mr. Fletcher will pay the fee.

## B. MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 17 addresses the issuance of subpoenas in criminal proceedings. Rule 17(c) governs the issuance of a pretrial subpoena *duces tecum* and, in relevant part, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Before issuing a Rule 17 subpoena *duces tecum*, Fletcher must demonstrate that the subpoenaed information is relevant, admissible and specifically identified, and not sought as part of a fishing expedition. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974); *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) ("[Rule 17(c)] only reaches specifically identified documents that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith." (*quoting Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951))). The Eleventh Circuit has described the kinds of relevant evidence that a defendant is entitled to admit during trial:

> First, a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.

*United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004) (footnotes omitted).

The government and Florida Blue assert that if any tests were properly paid, they were still fraudulently paid at a rate not authorized pursuant to the provider

3

agreements. Their position makes the in-network and out-of-network rates relevant. Fletcher has sufficiently described the information sought, specifically the difference in Florida Blue in-network and out-of-network rates, which the government believes proves a crime took place. Finally, the rates are admissible for several reasons, including that the rates are records of regularly conducted business activity, pursuant to Rule 803(6), of the Federal Rules of Evidence.

As Rule 17(c)(1) notes, a subpoena *duces tecum* may be made returnable before trial. *See also United States v. Nixon*, 418 U.S. at 698-99 (*citing Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) (Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). However, Rule 17(c) provides no specific direction as to the proper procedure by which a party obtains a pretrial subpoena *duces tecum*. Given the information sought, Fletcher requests the information be provided to the undersigned counsel no later than May 27, 2021. Fletcher further requests that Florida Blue be given fourteen (14) days from receipt to object.

    C.    **GOVERNMENT'S POSITION**

Counsel for the government authorized the undersigned to represent to this Court that the government did not oppose the reissuance of the subpoena requested herein.

**D.     CONCLUSION**

WHEREFORE, Fletcher requests that this Court enter an Order pursuant to Rule 17(c) directing that a subpoena *duces tecum* be issued to Florida Blue for all books, papers, documents, data, or other objects reflecting the in-network and out-of-network rates that existed between May 2015 and February 2018, the time span of the conspiracy alleged in count one. The subpoena should be directed to:

> Blue Cross and Blue Shield of Florida, Inc.
>     doing business as Florida Blue Florida Blue
> Chief Financial Officer
> 200 East Gaines Street
> Tallahassee, Florida 32399-0000

Further, Fletcher requests that the subpoenaed information be provided to the undersigned counsel no later than May 27, 2021, and that any objections to the subpoenas be filed within fourteen (14) days of receipt.

> Respectfully submitted,
>
> **STEVEN H. SADOW, P.C.**
>
> *s/ Steven H. Sadow*
> Steven H. Sadow
> Georgia Bar No. 622075
> 260 Peachtree Street, N.W.
> Suite 2502
> Atlanta, Georgia 30303
> Telephone: (404) 577-1400
> Facsimile: (404) 577-3600
> stevesadow@gmail.com
> *Admitted Pro Hac Vice*

LAW OFFICES OF
HORWITZ & CITRO, P.A.

*s/ Vincent A. Citro*
Vincent A. Citro
Florida Bar Number: 0468657
17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
Facsimile: (407) 849-1321
vince@horwitzcitrolaw.com
Attorneys for Christian Fletcher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Vincent A. Citro*
Vincent A. Citro
Florida Bar Number: 0468657
Attorney for Christian Fletcher

6