# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.,

## ORDER ON PENDING MOTIONS

This case came before the Court on April 27, 2021 for a hearing on pending motions, the record of which is incorporated by reference. The Court ruled from the bench as to some matters and took others under advisement. Because the Court engaged in full discussion at the hearing on most of the motions, the rulings here are stated briefly, with only occasional points noted. However, the Court anticipates that as the discovery is gathered and reviewed, the issues at the heart of the case will continue to be debated in future motions or at trial. Now, upon review, it is hereby

**ORDERED**:

1. The defendants' various unopposed **motions to adopt** motions (or portions thereof) of other defendants (Docs. 300, 303, 305 and 311) are **granted**. As with the Court's previous orders permitting various defendants to adopt other defendants' motions, the Court's rulings as to the underlying motions will apply equally to those defendants who have moved to adopt any such motions

(or portions thereof).

2. Defendant Fletcher's Preliminary Motion to Sever (Doc. 210) is **denied**. This ruling is without prejudice to Fletcher filing a motion to sever at a later date if appropriate.

3. By their notice of withdrawal (Doc. 302), Defendants James F. Porter, Jr. and Sean Porter's Motion to Sever (Doc. 247[1]) is **terminated**.

4. Defendants Durall and Fletcher's Motion to Dismiss (Doc. 212), and Defendants James Porter and Sean Porter's Motion to Dismiss (Doc. 246), are **denied**, as the Court finds the indictment is legally sufficient; challenges to the sufficiency of the government's evidence can be made at trial.

5. Defendant Zaffuto's Motion to Dismiss (Doc. 216) is **denied**. The Court finds the indictment is legally sufficient as to Zaffuto; Zaffuto's duplicity arguments are not well taken because the dual objects of the conspiracy charge are part of the same overall alleged agreement and appropriate jury instructions will provide any needed clarification. The government agrees it is not charging Zaffuto with "conspiracy to attempt"—if the indictment goes to the jury, it can be redacted to eliminate any confusion on that point.

6. Defendant Durall's Motion for Bill of Particulars (Doc. 213) is **denied**. When read in its entirety, the indictment provides defendants with

---

[1] In their notice of withdrawal, defendants mistakenly refer to the motion to sever as Doc. 251.

sufficient information regarding the charges to allow them to prepare a defense.

7. Defendant Jorge Perez's Motion for Bill of Particulars (Doc. 231) is **granted** without objection from the government. The government has provided defendants with the names of the alleged co-conspirators (see Doc. 325) and is under an ongoing obligation to supplement this disclosure if the names of additional alleged co-conspirators come to light.

8. Defendant Durall's Motion to Strike Surplusage (Doc. 214) is **denied**, but without prejudice to seeking an appropriate redaction in the event the Court determines to provide the jury with a copy of the indictment.

9. Defendants James Porter and Sean Porter's Motion for a James hearing (Doc. 253) is **denied**.

10. The government's Motion in Limine to Preclude Defendants from Arguing No Fraud Occurred Because Insurance Companies Paid Claims (Doc. 211) is **denied**. Specific objections may be raised at trial.

11. The parties' Daubert motions (Docs. 261, 262, 263, 267) are **denied without prejudice**. The parties were due to confer to narrow the issues. Those that remain may be brought to the Court by a motion deadline to be established in a future order.

12. Defendants Durall and Fletcher's Motion to Enforce Due Process Protection Act and Order Remedies for Brady Violations (Doc. 295) is **denied**. The Court anticipates that the July 19 status conference will result in a

schedule for the production of additional discovery and, as necessary, defendants may continue to seek the Court's assistance in addressing the ongoing discovery issues.

The Court will set new case deadlines at the July 19, 2021 status conference.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Defendants

4