UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.

# ORDER

**THIS CAUSE** is before the Court on Blue Cross Blue Shield of Georgia, Inc., Right Choice Managed Care, Inc., Blue Cross Blue Shield of Florida, Inc., and Aetna, Inc.'s (collectively the "Non-Party Payors") Motion for Entry of Amended Protective Order ("Motion") (Doc. 391), Defendant Aaron Durall's Response to Non-Party Payors' Motion for Protective Order ("Durall's Response") (Doc. 392), United States' Response to Non-Party Payors' Motion for Protective Order ("Government's Response") (Doc. 393), Defendant James F. Porter, Jr.'s Response to Non-Party Insurance Companies' Motion for Protective Order ("Porter's Response") (Doc. 396) (collectively "Responses"), and Unopposed Amended Motion for Leave to File Reply to Defendants' Responses to Non-Party Payors' Motion for Entry of Amended Protective Order ("Reply Motion") (Doc 399). For the reasons stated herein, the Motion is due to be **GRANTED** and the Reply Motion is due to be **DENIED as moot**.[1]

In the Motion, the Non-Party Payors ask the Court to adopt their proposed

---

[1] The Court will enter the Non-Party Payors' proposed Amended Protective Order (Doc. 391-1) as a separate order. However, the Court will add Paragraph 38 at the end of the order: "Notwithstanding anything to the contrary herein, the Court retains the discretion to determine that any filing, or portion thereof, may not be sealed."

Amended Protective Order ("Proposed Order") (Doc. 391-1). They argue that since the operative Protective Order (Doc. 172) was entered, Defendants and the Government have continued to serve broad subpoenas on them seeking highly sensitive, proprietary, and confidential business information, the use restrictions in the operative Protective Order are insufficient to protect this information, and the proposed changes are necessary to protect their confidential business information as well as confidential patient information. (Doc. 391 at 1–2.) Upon review of the Motion and Proposed Order, the Court finds that the Non-Party Payors have satisfied the good cause standard set forth in Federal Rule of Criminal Procedure 16(d)(1) and that the Proposed Order is appropriate to protect the Non-Party Payors', as well as individual patients', confidential information. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

The Government has indicated that it has no objections to the Proposed Order and does not otherwise oppose the Motion. (*See* Doc. 393.) Defendants Durall, Porter, Zaffuto, and Jorge Perez oppose the Motion (*See* Docs. 392, 393, 394, and 397);[2] the remaining defendants have not filed any response to the Motion.

Durall's Response sets forth specific objections to the Proposed Order. First, Durall objects to the definitions of "Confidential Information" and "Competitively Sensitive Information" in Paragraphs 4 and 5 of the Proposed

---

[2] Defendants Zaffuto and Jorge Perez have adopted Durall's response, and Jorge Perez also adopted Porter's response.

2

Order. He questions whether these definitions will be sufficient to resolve any disputes over the designation of the produced information as protected. (Doc. 391-1 at 1–2; Doc. 392 at 3–4.) The Court finds that the definitions of "Confidential Information" and "Competitively Sensitive Information" are reasonably specific and capable of application. Moreover, Durall offers no better alternative. Therefore, Durall's first argument is rejected.

Next, Durall objects to Paragraph 9 of the Proposed Order, which concerns objections to designations of material as protected. Durall contends that the paragraph improperly places the burden of proving that a document is not confidential on Defendants. (Doc. 392 at 3.) However, Defendants will have access to any allegedly protected information, and the Non-Party Payors must engage in a good faith conferral process to resolve any disputes. Moreover, although the Non-Party Payors are the alleged victims in this case, they are still non-parties; therefore, they should not be unduly burdened. *Cf.* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.") The authority Durall cites in support of his contention that the burden of proof is on the party producing protected documents is inapposite. (*See* Doc. 392 at 4–5.) None of those cases involves protective orders applied to documents produced by non-parties pursuant to Rule 17(c) subpoenas. (*See id.*) Therefore, Durall's second argument is rejected.

Finally, Durall's objection to Paragraph 10 of the Proposed Order is also without merit. There, Durall contends that the defense should be allowed to use

3

the material produced by the Non-Party Payors not only in this case but also in related civil litigation; however, as the Non-Party Payors point out in the Motion, "the rules and judge in any . . . 'related' civil litigation will determine the limits of discovery in those actions . . . ." (Doc. 391 at 6–7.)  Moreover, documents produced by the Non-Party Payors pursuant to Rule 17(c) are for trial purposes—not discovery.  See U.S. v. Cory, Case No. 3:20-cr-99-MMH-JRK, 2021 WL 3709797, at *1 (M.D. Fla. Aug. 20, 2021) (quoting U.S. v. Nixon, 418 U.S. 683, 698–99 (1974)) ("Rule 17(c) 'was not intended to provide a means of discovery for criminal cases'; rather, 'its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'"). Therefore, the Court finds it appropriate that the use of the documents produced by the Non-Party Payors be restricted to the trial of this matter only.

The Court has also considered Porter's Response and finds Porter's extensive and detailed objections to be without merit.[3]

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 391**) is **GRANTED**.

2. The Proposed Order (**Doc. 391-1**), as modified, will be entered.

3. The Reply Motion (**Doc. 399**) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida on September 8, 2021.

---

[3] Additionally, Porter's Response fails to comply with the typography requirements of Local Rule 1.08.  Nevertheless, the Court has considered it.  However, any future filing not in compliance with the Local Rules is subject to being stricken.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record