UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                               CASE NO.: 3:20-cr-86(S1)-J-32JBT

JORGE PEREZ

_____/

**REQUEST FOR JUDICIAL NOTICE
 AND MEMORANDUM OF LAW**

The Defendant, Jorge Perez, by and through the undersigned counsel, pursuant to Rules 12(b) respectfully requests this Honorable Court to take judicial notice of excerpts of the Medicare Claims Processing Manual described below.  As grounds for this motion, Defendant states as follows:

1.      Jorge Perez and eight other named and various unnamed individuals are charged with conspiring to commit health care fraud in violation of 18 U.S.C. §1347 and wire fraud in violation of 18 U. S. C. §1343, all in violation of 18 U.S. C. §1349 in Count 1 of a Superseding Indictment which stretches over 3 years and 41 pages, returned on October 7, 2020. A combination of individuals is charged with substantive health care violations contrary to 18 U.S.C. §1347 in counts II-VI. Conspiracy to commit money laundering is charged against individuals Counts VII and VIII. One person is charged with substantive money laundering violations in Counts IX and X. Other individuals are charged with substantive money laundering violations contrary to 18 U.S.C. §1957(a) and (2) in counts XI through XXIII.

(Doc.180).

2.      Trial is currently scheduled for the term beginning May 9, 2022. The essence of this case is the billing practices of the rural hospitals, "the government alleges the submission of these types of claims constituted material misrepresentations and omissions in that the rural falsely represented themselves as the service providers when in fact the service providers were outside laboratories that lacked any contract with the insurers ...." (Doc. 359-7).

3.      Mr. Perez expects the evidence at trial will show that the Medicare Claims Processing Manual is used and relied on to some extent by virtually everyone in the health care industry as a guide for processing and paying health claims. To facilitate the presentation of evidence at trial, Mr. Perez requests this Court take judicial notice of the following excerpts of Chapter 16 of the Medicare Claims Processing Manual: Sections 10, 10.1, 10.2, 30.3, 40.1, 40.3, 40.3.1, and 50.3.2. A copy of those sections is attached.

## **MEMORANDUM OF LAW**

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Rule 201(b) provides "the court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." The facts to be noticed are the content of the identified sections of the Manual.

**WHEREFORE**, the Defendant, Jorge Perez, respectfully moves this

Honorable Court to grant this request.

Respectfully submitted,

**_S:// Thomas M. Bell_**
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Jorge Perez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2022, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to A. Tysen Duva, AUSA and counsel of record.

S:// Thomas M. Bell
THOMAS M. BELL

United States v. Jorge Perez
CASE NO.: 3:20-cr-86(S1)-J-32JBT

# Attachment
# Excerpts of Medicare Claims Processing Manual

**Medicare Claims Processing Manual**
**Chapter 16 - Laboratory Services**

**Table of Contents**
*(Rev. 11184, 01-14-22)*

Page 4

**10 - Background**
**(Rev. 1, 10-01-03)**
**B3-2070, B3-2070.1, B3-4110.3, B3-5114**

Diagnostic X-ray, laboratory, and other diagnostic tests, including materials and the services of technicians, are covered under the Medicare program.  Some clinical laboratory procedures or tests require Food and Drug Administration (FDA) approval before coverage is provided.

A diagnostic laboratory test is considered a laboratory service for billing purposes, regardless of whether it is performed in:

- A physician's office, by an independent laboratory;

- By a hospital laboratory for its outpatients or nonpatients;

- In a rural health clinic; or

- In an HMO or Health Care Prepayment Plan (HCPP) for a patient who is not a member.

When a hospital laboratory performs laboratory tests for nonhospital patients, the laboratory is functioning as an independent laboratory, and still bills the A/B MAC (A).  Also, when physicians and laboratories perform the same test, whether manually or with automated equipment, the services are deemed similar.

Page 4

**10.1 - Definitions**
**(Rev. 85, 02-06-04)**
**B3-2070.1, B3-2070.1.B, RHC-406.4**

**"Independent Laboratory"** - An independent laboratory is one that is independent both of an attending or consulting physician's office and of a hospital that meets at least the requirements to qualify as an emergency hospital as defined in §1861(e) of the Social Security Act (the Act.) (See the Medicare Benefits Policy Manual, Chapter 15, for detailed discussion.)

**"Physician Office Laboratory"** - A physician office laboratory is a laboratory maintained by a physician or group of physicians for performing diagnostic tests in connection with the physician practice.

**"Clinical Laboratory"** - See the Medicare Benefits Policy Manual, Chapter 15.

**"Qualified Hospital Laboratory"** - A qualified hospital laboratory is one that provides some clinical laboratory tests 24 hours a day, 7 days a week, to serve a hospital's emergency room that is also available to provide services 24 hours a day, 7 days a week. For the qualified hospital laboratory to meet this requirement, the hospital must have physicians physically present or available within 30 minutes through a medical staff call roster to handle emergencies 24 hours a day, 7 days a week; and hospital laboratory technologists must be on duty or on call at all times to provide testing for the emergency room.

Page 5

## 10.2 - General Explanation of Payment
**(Rev. 3510, Issued: 04-29-16, Effective: 10-01-16, Implementation; 10-03-16)**

Outpatient laboratory services can be paid in different ways:

- Physician Fee Schedule;

- 101 percent of reasonable cost (critical access hospitals (CAH) only);

**NOTE:** When the CAH bills a 14X bill type for a non-patient laboratory specimen, the CAH is paid under the fee schedule.

- Laboratory Fee Schedule;

- Outpatient Prospective Payment System, (OPPS) except for most hospitals in the State of Maryland that are subject to a waiver; or

- Reasonable Charge

Annually, CMS distributes a list of codes and indicates the payment method. Carriers, FIs, and A/B MACs pay as directed by this list. Neither deductible nor coinsurance applies to HCPCS codes paid under the laboratory fee schedule. The majority of outpatient laboratory services are paid under the laboratory fee schedule or the OPPS.

Carriers, FIs and A/B MACs are responsible for applying the correct fee schedule for payment of clinical laboratory tests. FIs/AB MACs must determine which hospitals meet the criteria for payment at the 62 percent fee schedule. Only sole community hospitals with qualified hospital laboratories are eligible for payment under the 62 percent fee schedule. Generally, payment for diagnostic laboratory tests that are not subject to the

clinical laboratory fee schedule is made in accordance with the reasonable charge or physician fee schedule methodologies (or at 101 percent of reasonable cost for CAHs).

Page 10

## 30.3 - Method of Payment for Clinical Laboratory Tests - Place of Service Variation
**(Rev. 3685, Issued: 12-22-16, Effective: 01-01-17, Implementation: 01-03-17)**

Non-Patient (Referred) Laboratory Specimen- A non-patient is defined as a beneficiary that is neither an inpatient nor an outpatient of a hospital, but that has a specimen that is submitted for analysis to a hospital and the beneficiary is not physically present at the hospital. All hospitals (including Maryland waiver hospitals and CAHs) bill non-patient lab tests on TOB 14X. They are paid under the clinical laboratory fee schedule at the lesser of the actual charge, the fee schedule amount, or the NLA (including CAH and MD Waiver hospitals). Part B deductible and coinsurance do not apply.

Page 11

Critical Access Hospital - When the CAH bills a 14X bill type as a non-patient laboratory specimen, it is paid on the laboratory fee schedule. If the beneficiary is an outpatient of the CAH, the CAH bills using an 85x bill type and is paid based on 101 percent of reasonable cost.

Beneficiaries are not liable for any coinsurance, deductible, co-payment, or other cost sharing amount with respect to CAH clinical laboratory services.

Page 12

## 40.1 - Laboratories Billing for Referred Tests
**(Rev. 85, 02-06-04)**
**B3-5114.1.E,**

Section 1833(h)(5)(A) of the Act provides that a referring laboratory may bill for clinical laboratory diagnostic tests on the clinical laboratory fee schedule for Medicare beneficiaries performed by a reference laboratory only if the referring laboratory meets certain conditions. Payment may be made to the referring laboratory but only if one of the following conditions is met:

- the referring laboratory is located in, or is part of, a rural hospital;

- the referring laboratory is wholly owned by the entity performing such test, the referring laboratory wholly owns the entity performing such test, or both the referring laboratory and the entity performing such test are wholly-owned by a third entity; or

Page 13

- the referring laboratory does not refer more than 30 percent of the clinical laboratory tests for which it receives requests for testing during the year (not counting referrals made under the wholly-owned condition described above).

In the case of a clinical laboratory test provided under an arrangement (as defined in §1861(w)(1)) made by a hospital, CAH or SNF, payment is made to the hospital or SNF.

Page 13

Only one laboratory may bill for a referred laboratory service. It is the responsibility of the referring laboratory to ensure that the reference laboratory does not bill Medicare for the referred service when the referring laboratory does so (or intends to do so). In the event the reference laboratory bills or intends to bill Medicare, the referring laboratory may not do so.

Page 16

### 40.3 - Hospital Billing Under Part B
**(Rev. 3014, Issued: 08-06-14, Effective: ICD- 10: Upon Implementation of ICD-10 ASC-X12: 01-01-12, Implementation: ICD-10: Upon Implementation of ICD-10 ASC X12: 09-08-14)**

Hospital laboratories, billing for either outpatient or non-patient claims, bill the A/B MAC (A).

Neither deductible nor coinsurance applies to laboratory tests paid under the fee schedule.

Hospitals must follow requirements for submission of the ASC X12 837 institutional claim or the hardcopy Form CMS-1450.  (See Chapter 25 for a description of the data set, and for requirements for the paper form. See the ASC X12 837 implementation guide for billing requirements for the electronic claim,).

When the hospital obtains laboratory tests for outpatients under arrangements with clinical laboratories or other hospital laboratories, only the hospital can bill for the arranged services.

Page 16

As discussed in section 30.3 ("Place of Service Variation, Critical Access Hospitals") of this chapter, when the CAH bills a 14X bill type as a non-patient laboratory specimen, it is paid on the clinical laboratory fee schedule.  For CAHs, payment for clinical diagnostic laboratory tests is made at 101 percent of reasonable cost only if the beneficiary is an outpatient of the CAH (85X TOB), as defined in 42 CFR 410.2, and is physically present in the CAH at the time the specimen is collected, for dates of service prior to July 1, 2009.  However, for dates of service on or after July 1, 2009, the beneficiary does not have to be physically present in the CAH at the time the specimen is collected as long as certain criteria are met, per Section 148 of the MIPPA (i.e. other outpatient services are received by the beneficiary in the CAH on the same day the specimen is collected, or the specimen is collected by an employee of the CAH or of a facility provider-based to the CAH) (see Section 30.3 above, Critical Access Hospital).  Clinical diagnostic laboratory tests performed for a beneficiary who is not physically present at the CAH when the specimen is collected, by a non-CAH employee or who are not receiving other outpatient services in the CAH on the same day the specimen is collected, are paid are paid for under the clinical lab fee schedule.  Similarly, for Maryland waiver hospitals, the waiver is limited to services to inpatients and registered outpatients as defined in 42 CFR 410.2.  Therefore payment for non-patients (specimen only, TOB 14X) who are not registered outpatients at the time of specimen collection will be made on the clinical diagnostic laboratory fee schedule.

Section 416 of the Medicare Prescription, Drug, Improvement, and Modernization Act (MMA) of 2003 also eliminates the application of the clinical laboratory fee schedule for hospital outpatient laboratory testing by a hospital laboratory with fewer than 50 beds in a qualified rural area for cost reporting periods beginning during the 2-year period beginning on July 1, 2004.  Payment for these hospital outpatient laboratory tests will be reasonable costs without coinsurance and deductibles during the applicable time period.  A qualified rural area is one with a population density in the lowest quartile of all rural county populations.

The reasonable costs are determined using the ratio of costs to charges for the laboratory cost center multiplied by the PS&R's billed charges for outpatient laboratory services for cost reporting periods beginning on or after July 1, 2004 but before July 1, 2006.

In determining whether clinical laboratory services are furnished as part of outpatient services of a hospital, the same rules that are used to determine whether clinical laboratory services are furnished as an outpatient critical access hospital service will apply.

Page 16

### 40.3.1 - Critical Access Hospital (CAH) Outpatient Laboratory Service
(Rev. 2971, Issued:  05-23-14, Effective:  07-01-14, Implementation:  07-07-14)

Page 17

Effective for services furnished on or after the enactment of the Balanced Budget Refinement Act of 1999 (BBRA), Medicare beneficiaries are not liable for any coinsurance, deductible, co-payment, or other cost sharing amount with respect to clinical laboratory services furnished as a CAH outpatient service.  This change is effective for claims with dates of service on or after November 29, 1999.

For CAH bill type 85X, the laboratory fees are paid at 101 percent of reasonable cost.  When the CAH bills a 14X bill type as a non-patient laboratory specimen, it is paid on the clinical laboratory fee schedule.

Page 30

## 50.3.2 - Hospital Laboratory Services Furnished to Nonhospital Patients
(Rev. 3014, Issued: 08-06-14, Effective: ICD- 10: Upon Implementation of ICD-10 ASC-X12: 01-01-12, Implementation: ICD-10: Upon Implementation of ICD-10 ASC X12: 09-08-14)

When a hospital laboratory performs a laboratory service for a non-hospital patient, (i.e., for neither an inpatient nor an outpatient), the hospital bills its A/B MAC (A) on the ASC X12 837 institutional claim format or on the hard copy Form CMS-1450.  If an A/B MAC (B) receives such claims, the A/B MAC (B) should deny them.  When the lab services are provided in Maryland, services to a hospital's own outpatients are paid under the State cost containment system.  A Maryland hospital cannot seek payment based on a percent of charges for tests provided to individuals in locations such as a rural health clinic (RHC), a provider-based HHA, the individual's home or a physician's office).  Individuals in these locations are non-patients of the Maryland hospital and their lab tests would be categorized as "non-patient specimen only lab tests" (TOB 14x), and **are** paid under the lab fee schedule.