UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                               CASE NO.: 3:20-cr-86(S1)-J-TJC-JBT

JORGE PEREZ

_____/

**JORGE PEREZ'S MEMORANDUM IN OPPOSITION TO
UNITED STATES' NOTICE OF INTENT TO INTRODUCE
<u>MEDICAL OPINIONS OF TREATING PHYSICIANS</u>**

Defendant Jorge Perez, through undersigned counsel, submits the following memorandum in opposition to the Notice of Intent to Introduce Medical Opinions of Treating Physicians (Doc. 700):

As the government acknowledges, any portion of a lay person's opinion testimony that is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702" may not be admitted under the guise of lay opinion.

The boundary between lay opinion "rationally based on the witness's perception" and expert opinion "based on scientific, technical, or other specialized knowledge" is not always a distinct one. It must be drawn "based upon the nature of the testimony." <u>United States v. Moran</u>, 778 F.3d 942, 966-7 (11th Cir. 2015). "[T]estimony that blurs into supposition and extrapolation crosses the line into expertise." <u>Lebron v. Secretary of Florida Dept. of Children and Families</u>, 772 F.3d 1352, 1372 (11th Cir. 2014).

1

In Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1316-8 (11th Cir. 2011), a product liability suit, the court addressed the "special evidentiary problems" posed by a treating physician (sometimes called a "hybrid witness") who is not specifically retained for the litigation but can provide both fact and expert testimony.  A treating physician "is not considered an expert witness if he or she testified about observations based on personal knowledge, including the treatment of the party."  Id. at 1317 (quoting Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999)[1]).  When a physician's opinion is "based on his experience as a physician and [is] clearly helpful to *an understanding of his decision making process in the situation*," such testimony may be admitted.  Williams, id. (adding emphasis); Chapman v. Procter & Gamble Distrib., LLC, 766 F.3d 1296, 1316 n. 23 (11th Cir. 2014) (physician's lay opinion must be limited to knowledge derived from "treatment of a patient plaintiff"). The Williams Court held that the treating physician's conclusion that her patient had swallowed some SurgiWrap (thereby causing injury) was not necessary to *treat* her:

> The record establishes that her treating physicians were concerned with the presence of foreign material and with its effect on her physical condition. The exact identity of the substance was not critical to the decision to remove it.  Indeed, the fact that none of the physicians found it necessary to identify definitively the removed pieces -- instead allowing them to be discarded -- demonstrates that conclusive findings about its identity were not necessary to her treatment.

---

[1]Significantly, Davoll -- also relied upon by the government here -- was decided before the 2000 amendment to Fed.R.Evid. 701.

2

Id. at 1318.  Thus, that physician's opinion had been properly excluded under Rule 701.

Here, just as in Williams, physicians ordering urine or blood testing would have been concerned with the reliability and accuracy of the test results so that the doctor could made a diagnosis and fashion and implement a treatment plan for the patient.  The identity or location of the testing laboratory and the amount billed were not necessary to treatment.  No allegation has been made in this proceeding that the test results were inaccurate, unreliable or fraudulent.

The government is not genuinely interested in having these treating physicians inform the jury about the medical history and treatment of their non-party patients.  The condition, diagnosis, treatment, prognosis or progress of _any_ of the patients of these proposed witnesses is not at issue in any way; those matters are collateral and wholly irrelevant under Rule 401.  Rather, it seeks to open a door with such testimony so that an expert opinion based on scientific knowledge can be brought in.  Its own description of the testimony it anticipates from these experts plainly shows it is crossing the line: "The Government expects that at least some of these doctors will testify that the expensive urine drug tests, particularly the confirmatory tests, that were ordered for their patients and billed through the rural hospitals in this case _were medically unnecessary_ ..."  (Mot. at 1-2, 3).  Such an opinion unavoidably requires scientific or specialized knowledge that lay persons lack.

The simplest test for admissibility is this:  Would a lay witness be allowed to opine that some of "the expensive urine drug tests, particularly the confirmatory tests, that were ordered [by treating physicians] were medically unnecessary," although some were appropriate?  Surely not.  Only a medical expert could do so.  *Cf*. <u>United States v. Stahlman</u>, 934 F.3d 1199, 1222-3 (11th Cir. 2019) (FBI agent's estimate as to age of girl in photo "required no specialized knowledge -- any lay witness may properly estimate the age of a person in a photograph based solely on their perception").  The testimony the government wishes to present is unquestionably based on scientific or specialized knowledge under Rule 702 and inadmissible from any witness in this case because the disclosure requires of Fed.R.Crim.P. 16(a)(1)(G) were not met.

Even assuming *arguendo* that the anticipated testimony did not require scientific or specialized knowledge, it should still be excluded under Rule 403 because the dangers of confusing the issues, misleading the jury, unduly delaying presentation of the evidence, and wasting time are clearly present.  Defendant expects a detailed cross-examination of each physician that would necessarily entail disclosure of each patient's identity, their medical problem(s), the testing performed, the diagnosis made, the treatment recommended, and each patient's progress and outcome -- purely collateral matters -- so that defendant may verify or disprove any possible causal connection between such patients and the assertedly expensive and medically unnecessary testing.

Furthermore, this Court should consider the surprise to the defendants by this late disclosure, their inability to cure the surprise at this late date, the unimportance of this evidence, and the government's failure to offer any explanation for not disclosing this information months earlier as commanded by Rule 16(a)(1)(G). *See* <u>United States v. Jefferson</u>, 2018 WL 6249848, at \*2 and n.5 (M.D.Fla. 11/29/2018) ("Given a defendant's right to discovery under Rule 16(a)(1)(g), the task of identifying expert opinions is particularly important in criminal cases"); <u>United States v. Cordoba</u>, 2012 WL 3614319, at \*2-\*3 (M.D. Fla. 8/21/2012); <u>United States v. Lamonda</u>, 2006 WL 843823, at \*1 (M.D. Fla. 3/29/2006).

Respectfully submitted,

*<u>S:// Thomas M. Bell</u>*
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
*Attorney for Jorge Perez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2022, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to A. Tysen Duva, AUSA and all counsel of record.

S:// Thomas M. Bell
THOMAS M. BELL