UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.

**UNITED STATES' OPPOSITION TO DEFENDANT
AARON DURALL'S RENEWED MOTION
TO ENFORCE DUE PROCESS PROTECTION ACT**

      The United States, through undersigned counsel, hereby opposes Defendant Aaron Durall's Renewed Motion to Enforce Due Process Protection Act (Doc. 703). Durall speculates, based on his misreading of two emails produced by the Government as part of its Jencks production, that the Government is hiding exculpatory evidence about cooperating witness Kyle Marcotte that it obtained in proffers from Marcotte's attorneys. The Government has done no such thing. Marcotte's attorneys provided a proffer two months before the Government first interviewed Marcotte, but they did not convey the exculpatory information that Durall believes was hinted at in the emails. The Government produced the FBI 302 report of Marcotte's first interview, as well as the report of his second interview and his grand jury transcript, thereby giving Durall full access to everything Marcotte has told the Government.

      FBI agents prepared a 302 report of the Marcotte attorney proffer. The Government was under no obligation to produce this report to the defense because

(1) the Government did not list the writing agents as witnesses, and therefore the report is not producible under the Jencks Act, (2) the report does not otherwise contain *Brady* material, as stated above, and (3) the report did not contain information provided by a witness, unlike all the other 302s of witness interviews the Government has disclosed in order to assist the defense in preparing for trial.[1] Although the Government had no obligation to turn over the report of the attorney proffer, in an effort to be transparent and demonstrate once again that the Government is not withholding exculpatory evidence, the Government is submitting it for *in camera* review along with the FBI 302 reports of Marcotte's proffers and Marcotte's grand jury testimony so that the Court may satisfy itself that there has been no *Brady* violation.[2]

## BACKGROUND

Pursuant to the Jencks Act and this Court's Orders (*e.g.*, Doc. 56), on May 4, 2022, the Government produced emails written by FBI Forensic Accountant Kimberly Henderson, who is on the Government's witness list for trial. Two of these emails reference meetings with the attorneys for Kyle Marcotte, a cooperating witness who pleaded guilty to conspiracy to commit money laundering (*United States v. Marcotte*, No. 3:19-cr-113-TJC-JBT) and is expected to testify at trial. The first meeting, referenced in the email attached as Exhibit 1 to Durall's Motion, took place

---

[1] The 302 of the attorney proffer refers to a 17-year old charge for which Marcotte received a probationary sentence. This information will be additionally provided in a letter to defense counsel.

[2] The Government has separately moved for leave to file the exhibits to this Opposition under seal.

2

on November 28, 2018. The second meeting, referenced in the email attached as Exhibit 3, took place on February 4, 2019, and consisted of an attorney proffer of what Marcotte would be expected to say. The Government interviewed Marcotte for the first time on April 2, 2019, and interviewed him again on January 21, 2020. He then testified in the grand jury on January 22, 2020. The Government produced 302s of the two interviews and the grand jury transcript to the defendants in one of its early discovery productions.

## ARGUMENT

Durall contends that FA Henderson's use of the words "Marcotte's justification" and "Marcotte's defense" in emails dated February 4 and 6, 2019 (attached as Exhibits 2 and 4 to Durall's Motion), give him reason to believe that Marcotte's counsel provided exculpatory or impeachment information that the Government has failed to disclose. More specifically, Durall suggests that Marcotte's attorneys broadly articulated Marcotte's justification or defense for his conduct in this case, and that the Government has withheld this information even though it could be useful to the defense in undermining Marcotte's testimony. *See* Doc. 703, at 2.

Durall's speculations are wrong. *First*, Marcotte's counsel provided no substantive information to the Government at the November 28, 2018 meeting. *Second*, the February 4, 2019 meeting was memorialized in a 302 written by FBI Special Agents Robert Schwinger and Ben Busic, who are not on the Government's witness list. *See* Exhibit A hereto (submitted under seal). When read in conjunction

with the report of Marcotte's own statements in his April 2, 2019 interview (attached as Exhibit B hereto, submitted under seal), his January 21, 2020 interview (attached as Exhibit C hereto, submitted under seal) and the transcript of Marcotte's grand jury testimony (attached as Exhibit D hereto, submitted under seal), it is apparent that Marcotte's attorneys did not provide any information about Marcotte's conduct in connection with Beaches Recovery, his relationship Aaron Durall, payments in exchange for supplying urine samples, or other subjects, that differed from what Marcotte himself provided — and that was long ago disclosed to the defense.

Indeed, Durall's motion is based on a misreading of FA Henderson's emails. Her email of February 4, 2019 (Doc. 703, Exhibit 2) does not refer to a justification for Marcotte's entire course of conduct as provided by Marcotte's attorneys in the proffer that occurred that day, but instead refers to a "justification" for the "high frequency of urine testing at Beaches Recovery." The report of the April 2, 2019 interview addresses this very issue; to the extent Durall considers Marcotte's statements about the frequency of urine drug testing at Beaches to be exculpatory (the Government does not), he may make such use of it as he wishes in cross-examining Marcotte. The Government respectfully suggests that the Court can determine, from reviewing the 302s of the attorney proffer and the first interview of Marcotte, that Marcotte's counsel did not provide any arguably exculpatory information that has not already been provided to the defense.

Durall's misreading of FA Henderson's February 6, 2019 email (Doc. 703, Exhibit 4) is even more egregious. The relevant portion of the email refers back to the

4

attorney proffer that had occurred two days before, and states: "To recap, Marcotte's defense explained that he was introduced to Reliance by Neisha Zaffuto of Medivance who had been doing billing for Beaches Recovery at a time when he was looking for a lab to conduct his tests." The email plainly refers to something Marcotte's *defense attorneys* said at the proffer, not an articulation of Marcotte's defense to the conduct, as Durall would have it. *See* Doc. 703 (Henderson's emails show Marcotte's attorneys "apparently presented a 'justification' and a 'defense' on behalf of Marcotte"). Once again, the Court may determine from reviewing the 302s of the attorney proffer and the initial Marcotte interview that the Government has not withheld any information about a broad-based defense put forward by Marcotte that was articulated by Marcotte's attorneys.

     This case presents an even more compelling basis for denying a defense *Brady* motion than *United States v. Martoma*, 2014 WL 31704 (S.D.N.Y. Jan. 6, 2014), which Durall cites for the proposition that the Governmen's *Brady* obligation extends to exculpatory information obtained from counsel for a witness. In that insider trading case, the Government interviewed two cooperating witnesses who first denied, and then later admitted, providing material, non-public information to the defendant. Reports of all these interviews were timely provided to the defense. Between one of the witness' first and second interviews, the Government was in contact with his attorney. *Id*. at \*2. The defendant claimed he was entitled to information from discussions with both witnesses' attorneys reflecting the witnesses'

protestations of innocence, *i.e.*, material inconsistent with the later inculpatory admissions that would be the subject of testimony at trial. *Id*.

Although the court agreed that *Brady* would require the Government to disclose exculpatory and impeachment information obtained from the attorneys, it found that the defendant was already aware of the prior inconsistent statements, and it relied on the Government's representation that it was "not aware of any statements made by the attorneys for [the witnesses] that are materially different than the statements reflecting initial denials already produced to the defense" in denying the motion. *Id*. at *4. Unlike in *Martoma*, here there are no conflicting statements by the witness himself, but, more salient for purposes of Durall's motion, there is no difference between the information provided by Marcotte's attorneys and the information provided by Marcotte himself. Moreover, the Government has done more than represent that no exculpatory material was contained in the February 4, 2019 attorney proffer; it has supplied the Court and the defense with the report itself.

Given the absence of any support for Durall's supposition that the Government has withheld *Brady* material concerning Marcotte (or any other witness, for that matter), the Government respectfully submits that there is no basis for the sweeping disclosures Durall demands on page 8 of his motion. Likewise, there is no need for the Court to conduct an *in camera* review of FA Henderson's emails under Fed. R. Crim. P. 26(c). *See* Doc. 703, at 4 n.3. The redacted portions of the emails are not FA Henderson's statements that the Government seeks to protect due to privilege or lack of relevance, but emails written by others that are not disclosable

6

under the Jencks Act or any other rule or principle governing discovery in a criminal case. That much should be obvious from Exhibit 2 to Durall's motion, which consists of an email string between FA Henderson and a member of the prosecution team; only the emails written by FA Henderson are discoverable and everything else has been redacted.

WHEREFORE, for the foregoing reasons, the government respectfully requests that Durall's motion be denied.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  /s/ Tysen Duva
TYSEN DUVA
Assistant United States Attorney
Florida Bar No. 0603511
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:  Tysen.Duva@usdoj.gov

        JOSEPH S. BEEMSTERBOER
        ACTING CHIEF
        U.S. DEPARTMENT OF JUSTICE
        CRIMINAL DIVISION, FRAUD SECTION

By:   */s/ James V. Hayes*
       JAMES V. HAYES (FL Bar # A5501717)
       Senior Litigation Counsel
       GARY A. WINTERS (FL Bar # A5501852)
       Trial Attorney
       United States Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, NW
       Washington, DC 20005
       Tel: (202) 598-2382
       Email: Gary.Winters@usdoj.gov
              James.Hayes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

                                       */s/ Gary A. Winters*
                                       GARY A. WINTERS
                                       Trial Attorney
                                       Criminal Division, Fraud Section