**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO. 3:20-cr-86-TJC-JBT

JORGE PEREZ,
RICARDO PEREZ,
AARON DURALL,
JAMES F. PORTER, JR.,
SEAN PORTER,
CHRISTIAN FLETCHER,
NEISHA ZAFFUTO and
AARON ALONZO

**O R D E R**

This case is before the Court on Defendants' Motions for Judgment of Acquittal. Each Defendant timely moved for a judgment of acquittal during trial and post-trial. (See Docs. 747 at 73:11–83:10, 786, 790, 791, 820, 821, 822, 823, 825). The government opposed the motions and filed an omnibus response. (Doc. 831).

Under Rule 29(c) of the Federal Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal if the evidence, viewed in the light most favorable to the government, was insufficient to support the jury's guilty verdict. United States v. Williams, 390 F.3d 1319, 1323–24 (11th Cir. 2004) (citations omitted). "All credibility choices must be made in support of the jury's verdict." Id. at 1323. "This test applies regardless of whether the evidence is

direct or circumstantial." Id. at 1324. "Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009) (quotation marks and citation omitted). Thus, "it is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could not have found guilt beyond a reasonable doubt." Id. (quotation marks and citation omitted).[1]

The undersigned presided over the multi-week trial and has carefully reviewed the evidence admitted against each Defendant. Upon consideration of each Motion for Judgment of Acquittal, the Court finds that the motions are due to be denied. (Docs. 786, 790, 791, 820, 821, 822, 823, 825). The Court briefly elaborates on one of the arguments raised.

Defendants Durall and Zaffuto argue that the government failed to prove the venue requirement for certain money laundering counts at trial. (Docs. 820 at 3–13, 822 at 11–12). Counts 9 and 10 charge Durall with money laundering

---

[1] Though, here, the jury only found Jorge and Ricardo Perez guilty of certain counts and could not reach a verdict as to any other Defendant (See Docs. 768–75), the standard governing a motion for judgment of acquittal remains the same. See, e.g. United States v. Nimapoo, No. 1:05-CR-0316-13-BBM, 2008 WL 11384038, at *1 (N.D. Ga. April 11, 2008) (noting that "the sufficiency of the evidence standard governs whether the jury has convicted the defendant or whether the court has declared a mistrial because the jury was unable to reach a verdict" and collecting cases supporting the same proposition).

in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2, and Count 23 charges both Durall and Zaffuto with money laundering in violation of 18 U.S.C. § 1957(a) and 2. (Doc. 180 at 22–23, 28). Durall and Zaffuto argue the government failed to offer sufficient evidence at trial that each transaction was conducted in the Middle District of Florida. (Docs. 820 at 3–13, 822 at 11–12). The government counters the evidence supported that each transaction was transferred or deposited into a bank account located in this district, and therefore, venue was established. (Doc. 831 at 35).

Venue for a money laundering offense is proper in "any district in which the financial or monetary transaction is conducted" or in "any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted." 18 U.S.C. § 1956(i)(1). The venue provision also states:

> For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i)(3). The statute defines "conducts" as "initiating, concluding, or participating in initiating, or concluding a transaction[.]" 18

U.S.C. § 1956(c)(2). And a "transaction" with respect to a financial institution includes a "deposit, withdrawal, [or] transfer between accounts[.]" 18 U.S.C. § 1956(c)(3).

Case law illustrates the application of the venue provision. In United States v. Nkongho, No. GJH-21-396, 2021 WL 5166372, at *4 (D. Md. Nov. 5, 2021), the court rejected a defendant's challenge to venue on a money laundering conviction because the evidence showed the defendant deposited money into an account of a Maryland resident—which established venue in Maryland—even though the defendant made the deposit in California. Under the language of the statute, the court held the defendant's deposit in California "concluded" in Maryland when the funds became available to the recipient, thus establishing venue for the transaction in Maryland. Id.

The situation is similar for Durall and Zaffuto. Evidence was presented that the transactions in Counts 9, 10, and 23 concluded in this district, as the evidence showed that the recipients of the transfers and their accounts were located in this district. See, e.g., Doc. 746 at 272:21–275:10, 293:25–295:5. Further, as the government notes, the jury could have reasonably inferred from Kyle Marcotte's testimony that Marcotte opened KTL Labs' Chase Bank account within the Middle District of Florida because Marcotte (1) partly resided in Jacksonville, Florida, (2) created and was the sole owner of KTL Labs, whose address was in Jacksonville, Florida, and (3) created the Chase Bank

4

account for KTL Labs. See, e.g., Docs. 740 at 276:14–16, 305:7–11, 308:21–311:9, 741 at 46:2–4, 831 at 35. The Court does not endeavor to recount all of the evidence that could have established venue for the transactions; suffice to say there was sufficient evidence for a jury to determine by a preponderance of the evidence that the transactions concluded in this district. See United States v. Stickle, 454 F.3d 1265, 1271–73 (11th Cir. 2006) (holding the government need only prove venue by a preponderance of the evidence). Therefore, the Court denies Durall's and Zaffuto's challenges to venue for Counts 9, 10, and 23.

Accordingly, it is hereby

**ORDERED:**

1. Ricardo Perez's Motion for Judgment of Acquittal or New Trial (Doc. 786) is **DENIED** as to arguments for acquittal. To the extent Ricardo Perez argues for a new trial in this motion, the Court will address the argument by separate Order.

2. Christian Fletcher's Motion for Judgment of Acquittal (Doc. 790) is **DENIED**.

3. Sean Porter's Motion for Judgment of Acquittal (Doc. 791) is **DENIED**.

4. Neisha Zaffuto's Supplemental Motion for Judgment of Acquittal (Doc. 820) is **DENIED**.

5.  Jorge Perez and Ricardo Perez's Joint Motion for Judgment of Acquittal (Doc. 821) is **DENIED**.

6.  Aaron Durall's Motion for Judgment of Acquittal on Counts 2–6, 9, 10, and 23 (Doc. 822) is **DENIED**.

7.  James Porter, Jr.'s Motion for Judgment of Acquittal (Doc. 823) is **DENIED**.

8.  Aaron Alonzo's Motion for Judgment of Acquittal (Doc. 825) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of November, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of Record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendants