UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:20-cr-86(S1)-TJC-JBT

JORGE PEREZ, et al.

**UNITED STATES' SUR-REPLY TO DEFENDANTS' REPLY AND MOTION
FOR NEW TRIAL PURSUANT TO RULE 33(b)**

The United States submits this sur-reply to Defendants Jorge and Ricardo Perez's reply and motion for new trial pursuant to Rule 33(b) based on purported newly discovered evidence. The Reply (Doc. 863) still fails to explain how the evidence is "newly discovered." As indicated in the Response to the Motion (Doc. 851), it was publicly available, as is evident from the fact that defendants cite published decisions, case files available on PACER, and a New York Times article.

The defendants still cannot establish relevance, as the United States suing private insurance companies in a separate civil action regarding their operation of Medicare Advantage Plans bears no relevance to this criminal fraud case. As the Court properly questioned counsel during the October 27, 2022, hearing about this information, "What would you have done with it? … Who would you have cross-examined on it? Or what - - what would the impeachment be with it? And how would that have worked?" (Doc. 857, Tr. p. 58). The correct answers to those questions do not bode well for the defense.

If the defense had tried to cross examine Florida Blue, Anthem, and UHC witnesses about these unrelated civil lawsuits, the evidence would have been excluded. The defendants' theory of bias impeachment simply does not make sense. There is no information that the witnesses would have even known about the lawsuits. More importantly, the insurance company witnesses were interviewed as far back as 2016, and maintained consistent positions about the alleged criminal fraud from that time through the trial in May and June 2021. The defendants' theory that the testimony of insurance company witnesses about the nature of the alleged fraud in the criminal case, formed well before the Medicare Advantage Plan civil suits in 2020, were impacted by lawsuits they did not even yet know about makes no sense. The Court would preclude such irrelevant impeachment efforts.

The Perez brothers also flatly state, without any hint of compelling support, that if the Court ordered a new trial to permit this cross examination, the new trial would produce a different result. The only effect of such impeachment would be confusion of the issues and misleading the jury.

The defendants cannot satisfy *any* of the five-factor analysis set forth in *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014), cited in the Government's Response to the Motion (Doc. 851), much less all five factors, which is required to prevail on the motion. This Court should deny this Motion without further hearing.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  _/s/ Tysen Duva_
TYSEN DUVA
Assistant United States Attorney
Florida Bar No. 0603511
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
E-mail:   Tysen.Duva@usdoj.gov

GLENN S. LEON
CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

By:   _/s/ James V. Hayes_
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
GARY A. WINTERS (FL Bar # A5501852)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
Tel: (202) 598-2382
Email: Gary.Winters@usdoj.gov
           James.Hayes@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 9, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

<u>/s/ Tysen Duva</u>
TYSEN DUVA
Assistant United States Attorney