UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-86-TJC-SJH

JORGE PEREZ
RICARDO PEREZ

## ORDER GRANTING BOND PENDING APPEAL

After a multi-week health care fraud trial, brothers Jorge Perez and Ricardo Perez were convicted of conspiracy to commit health care fraud and wire fraud, health care fraud, and conspiracy to commit money laundering. The jury was unable to reach a verdict on several other counts of the indictment with which the brothers were charged and the government elected not to retry them on those counts.[1] The Court sentenced Jorge Perez to a term of imprisonment of 100 months and Ricardo Perez to 75 months.[2]  See Docs. 1185,

---

[1] The jury was unable to reach a verdict as to the Perez brothers' co-defendants on any counts. Three of them later pled guilty and received sentences of probation. See Docs. 1103, 1106, 1109. The other co-defendants were acquitted at a second trial (except one who has remained a fugitive since the case was indicted). Defendants in two related cases pled guilty—one received a sentence of probation and the other received 12 months and one day. See United States v. Marcotte, 3:19-cr-113-TJC-JBT (Doc. 57), United States v. Byrns, 3:19-cr-166-TJC-LLL (Doc. 68).

[2] The sentences also include terms of supervised release upon release from imprisonment, restitution, forfeiture, and special assessments. See Docs. 1185 and 1187.

1187.  Jorge Perez and Ricardo Perez are both due to report to the Bureau of Prisons on January 15, 2025.  They have each filed notices of appeal (Docs. 1189, 1191) and have now filed a joint motion for bond pending appeal (Doc. 1195).  The government is opposed (Doc. 1198).  With leave of Court, the Perez brothers filed a reply (Doc. 1203).

The Court shall grant a motion for release pending appeal if a defendant shows that (1) he is not likely to flee; (2) he does not pose a danger to the safety of others; (3) the appeal is not taken for the purpose of delay; (4) the appeal "raises a substantial question of law or fact;" and (5) if the "substantial question" is resolved in defendant's favor, such determination is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or imprisonment less than the total of the time already served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b).  The burden of establishing each of these factors rests with the convicted defendant. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

The government concedes that the Perez brothers are not likely to flee, they do not pose a danger to the safety of others, and their appeals are not taken for the purpose of delay.[3]  See Doc. 1198 at 3.  The question is whether the

---

[3] Jorge Perez (who is now 64 years old) and Ricardo Perez (who is 61) both suffer from health problems; they have been on bond without incident since their arrest in June of 2020.

Perezes have presented "a substantial question of law or fact" within the meaning of § 3143(b), and if so, whether a decision in their favor on that issue would result in a reversal of their convictions.

To demonstrate "a substantial question of law or fact," the Perezes must persuade the Court that the issue to be presented on appeal is "one of more substance than would be necessary to a finding that it [is] not frivolous." Giancola, 754 F.2d at 901. The Court need not go so far as to decide that its own rulings are likely to be reversed on appeal but rather must be convinced that the issue presented by the appeal is a "'close' question or one that very well could be decided the other way." Id. at 900, 901.

Each issue the Perez brothers raise (the juror issue and the sufficiency of the evidence) has been considered and rejected by the Court.[4] The Court stands by its legal rulings, but they are not without question, fairly characterized as presenting "substantial" questions on appeal within the meaning of the statute. If an appellate panel determined that the juror issue was wrongly decided, it would likely result in an order for a new trial. A decision that there was insufficient evidence to support the convictions would result in outright reversal.

---

[4] The Court's order denying the Perezes' motion for new trial goes through these issues in detail. See Doc. 879.

The Court finds the Perez brothers raise "a substantial question of law or fact" which, if resolved in their favor, is likely to result in reversal, an order for a new trial, or a sentence that does not include a term of incarceration. 18 U.S.C. § 3143(b). Accordingly, it is hereby

**ORDERED**:

The Joint Motion of Defendants Jorge Perez and Ricardo Perez for Bond Pending Appeal (Doc. 1195) is **GRANTED**. Defendants shall remain on the same conditions of release as previously set by the Court pending the outcome of their appeal. See Docs. 64, 71, 80.

**DONE AND ORDERED** in Jacksonville, Florida this 10th day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
United States Marshals Service
Bureau of Prisons
United States Probation Office
Defendants

4