UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 3:20-cr-86(S1)-TJC-SJH

JORGE PEREZ
RICARDO PEREZ

## JOINT MOTION TO WITHDRAW PETITION FOR REMISSION

On January 24, 2025, Liansy Carbonell (the Petitioner) filed her Amended Petition for Remission of Forfeiture. Doc. 1219. The United States and the Petitioner, through her counsel Andrea M. Piloto, agree that it was filed with the Court in error. In support of the motion, the parties submit the following memorandum of law.

## MEMORANDUM OF LAW

On January 24, 2025,[1] following the Court's entry of an order of forfeiture and preliminary order of forfeiture for direct and substitutes assets that included the condominium located at 96000 Overseas Highway, Unit M-4, Key Largo, Florida 33037 (the condominium) (Doc. 1184), the Petitioner filed a timely "Petition for Remission," seeking the "remission" of the condominium as a *bona fide* purchaser of the forfeited property for value, and did not know and was without cause to believe

---

[1] On January 15, 2025, the Petitioner filed a Petition for Remission (Doc. 1213) and subsequently filed an Amended Petition for Remission. Doc. 1219.

that the property was subject to forfeiture at the time she acquired her interest in the condominium. Doc. 1219.

Title 21, United States Code, Section 853(n) provides the sole means by which third parties can litigate their right to property subject to criminal judicial forfeiture. The statute provides the specific criteria that claims must possess in order to be valid. See 21 U.S.C. § 853(n)(3). In contrast, 28 C.F.R. § 9.4(e) allows persons to petition the Attorney General for the return of property already forfeited to the United States. Title 18, United States Code, Section 981 states that the "Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding."

Because the Petitioner's petition is not made pursuant to 21 U.S.C. § 853, and is, instead, a request for remission directed to the Attorney General, the United States contacted Ms. Piloto to clarify the purpose of the filing. Ms. Piloto confirmed that the Petitioner is not contesting the forfeiture proceedings. Rather, the Petition for Remission was intended for the Attorney General's consideration.

The United States will accept the Petition for Remission submitted directly to the Attorney General, as it was timely submitted, and will forward it to the appropriate reviewing authorities.

Wherefore, the United States and the Petitioner respectfully request that this Court designate Docket No. 1219 as withdrawn.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

By: *Andrea M. Piloto*
Andrea M. Piloto, Esq.
Piloto Law, P.A.
901 Ponce de Leon Blvd. Ste. 101
Coral Gables, Florida 33134
E: Andrea@PilotoLawPA.com
T: 305.442.7456 (PILO)
F: 305.442.7457

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Jame A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
